UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC., and PNC BANK, N.A.,<br><br>    Defendants. | Case No. 1:15-cv-10640<br><br>Judge Jorge L. Alonso |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES the Plaintiff, HENRY MORGAN ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, Ltd., responding to Defendant EXPERIAN INFORMATION SOLUTIONS INC.'s ("Experian" or "Defendant") Rule 12(c) motion for judgment on the pleadings as follows:

**INTRODUCTION**

Experian's motion to dismiss focuses entirely on inaccurate reporting of "historical" credit information. Though Plaintiff does not concede the accuracy of Experian's reporting, it no longer advances an argument based on Experian's inaccurate reporting in Plaintiff's account history. Experian, however, ignores entirely the misleading inconsistency evident from the face of the report. Where Experian continues to report Plaintiff as "*paying* under a partial payment agreement," it creates doubt as to the discharged status of the debt. Even if not pled explicitly in the body of Complaint, it is

1

axiomatic that exhibits control. Moreover, Plaintiff's dispute of the tradeline required Experian to review all potential inaccuracies in the account. Plaintiff has, therefore, pled a violation of the Fair Credit Reporting Act ("FCRA") sufficient to defeat Defendant's motion.

**FACTUAL BACKGROUND**

Plaintiff filed for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on February 25, 2013. Cmplt. ¶ 9. Among the debts scheduled under the bankruptcy petition was a mortgage debt to PNC. *Id.* at ¶ 10. The bankruptcy court confirmed Plaintiff's Chapter 13 Plan (the "Plan") on January 30, 2014. *Id.* at ¶ 15. The Plan provided for Plaintiff's surrender of his mortgaged property in full satisfaction of PNC's claim. *Id.* at ¶¶ 13, 16. After complying with the terms of his Plan, Plaintiff received a discharge from the bankruptcy court on May 24, 2014, which included the PNC mortgage. *Id.* at ¶¶ 17, 19.

Plaintiff obtained a copy of his credit report from Experian. *Id.* at ¶ 39. Among other inaccuracies, the report listed Plaintiff's PNC account as in default. *Id.* at ¶ 40. Plaintiff sent a dispute letter to Experian on July 3, 2014. *Id*. at ¶ 41. The letter requested that Experian update the account to reflect its discharged status. *Id.* at ¶ 42. Experian's reinvestigation report, dated July 18, 2014, contained further inaccuracies, including an indication that he was "paying under partial payment agreement." *Id.* at ¶¶ 45-51; Cmplt. Exh. J. Plaintiff sent another dispute letter, dated November 18, 2014, which requested an investigation into Plaintiff's PNC mortgage account and indicated that the status of his bankruptcy was "Plan Completed—All payments made according to plan—no further obligation." Cmplt. ¶¶ 52-53; Cmplt. Exh. L. Experian issued a reinvestigation report,

2

dated December 10, 2014, that continued to indicate that he was "paying under partial payment agreement." Cmplt. ¶ 56; Cmplt. Exh. M. Plaintiff filed the instant suit alleging violation of the FCRA.

## ARGUMENT

### I. Standard of Review

Courts view motions for judgment on the pleadings through the same lens as motions to dismiss under Rule 12(b)(6). *Nichols v. Northland Grps., Inc.,* Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037, at *7 (N.D. Ill. Mar. 31, 2006). "Under that standard, this court grants such a motion only if, viewing the facts in the light most favorable to the non-moving party, 'it is beyond doubt that the non-movant can plead no facts that would support his claim for relief.'" *Id.* (quoting *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).) *See also Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010) (on a motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party). In reviewing a pleadings for a motion under Rule 12(c), a court "may take into consideration documents incorporated by reference to the pleadings." *Wood*, 925 F.2d at 1582.

### II. Experian Inaccurately Reported Plaintiff's Current Payment Status

Under *Carvalho v. Equifax Info. Servs., LLC* ,"an item on a credit report can be incomplete or inaccurate . . . because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvahlo*, 629 F.3d 876, 890 (9th Cir. 2010). Indeed, "a defendant can be liable

3

under § 1681e(b) for a technically accurate but materially misleading report." *Taylor v. Screening Reports, Inc.,* No. 13 C 02886, 2015 U.S. Dist. LEXIS 86262, at *12 (N.D. Ill. July 2, 2015). *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.")

Here, though Experian accurately reports Plaintiff's discharge, it inaccurately reports that he is "paying" the debt pursuant to a partial payment agreement. By qualifying the discharged account status with such present-tense language, Experian gives the misleading impression that Plaintiff continues to pay the PNC debt. The mere existence of a discharge notation does nothing to undermine the misleading nature of the report. *Cooper v. Verifications, Inc.*, No. 1:04-CV-385-TS, 2008 U.S. Dist. LEXIS 8908, at *34 (N.D. Ind. Feb. 4, 2008) (finding that inconsistent information in a credit report can form the basis for an FCRA claim and collecting cases). As Experian points out in its own brief, bankruptcy does not permanently eliminate a debt. Def. Mem. at 6-7. Based on Experian's report that Plaintiff is currently "paying" the debt, one could reasonably infer that he had reaffirmed the debt following discharge. Accordingly, by suggesting the continuing existence of a large, discharged debt, Experian's report, "mislead[s] in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvahlo*, 629 F.3d at 890.

### III. The Exhibit to the Complaint Sufficiently Pleads the Inaccuracy

A motion for judgment on the pleadings rests not just on the pleadings themselves: the court "may take into consideration documents incorporated by reference to the pleadings." *Wood*, 925 F.2d at 1582. Indeed, "[w]here an exhibit and the complaint

4

conflict, the exhibit typically controls. Id. A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). To the extent the Complaint does not specifically enumerate the "paying" inaccuracy, Plaintiff nonetheless attaches both reinvestigation reports containing the misleading information. Exhibits J and M to the Complaint control and sufficiently assert a claim for Experian's inaccurate reporting.

### IV. Plaintiff Adequately Disputed the Error

Similarly, though the reasonableness of a consumer reporting agency's investigation is bounded by the content of the Plaintiff's dispute, Plaintiff's dispute here rendered Experian's reinvestigation efforts unreasonable. *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). Defendant inaccurately reported the "paying" comment on two separate reports. In the dispute that generated the first report, Plaintiff requested an update of his account to reflect the discharged, rather than defaulted status of the loan. Cmplt. Exh. J. Instead, the report showed a discharge but a "paying" comment. Cmplt. Exh. K. In the dispute prior to the second report, Plaintiff specifically requested investigation of his PNC mortgage account and indicated that the account should reflect that its status was "Plan Completed—All payments made according to plan—no further obligation." Cmplt. Exh. L. Plaintiff's dispute efforts thus sufficiently placed Experian on notice of its obligation to correctly report the status of the loan and that the loan was *paid*, rather than *paying*.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant Experian's Motion for Judgment on the Pleadings be denied.

**Dated**: September 20, 2016	**Respectfully Submitted,**
/s/ **Majdi Y. Hijazin**, *Of Counsel*
Majdi Y. Hijazin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com