## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HENRY MORGAN,<br><br>     Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and PNC BANK, N.A.,<br><br>     Defendants. | Case No. 1:15-cv-10640<br><br>Hon. Jorge L. Alonso |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## REPLY IN SUPPORT OF ITS
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this reply in support of its motion for judgment on the pleadings.

### INTRODUCTION

Plaintiff's opportunity to substantively respond to Experian's motion for judgment on the pleadings has passed. Realizing the cause was lost, Plaintiff's Response concedes the issues raised in Experian's motion and instead seeks to improperly amend his complaint via his brief. Even ignoring the procedural impropriety, Plaintiff's new theory is a non-starter and would have this Court find plausible allegations that Experian's reporting was materially misleading based on a single comment in Plaintiff's disclosures. There are no allegations whatsoever in Plaintiff's Complaint, let alone well-pleaded ones, to support Plaintiff's last-ditch effort to prolong this case.

Plaintiff's case was always doomed, founded upon a specious legal theory about the scope and effects of a bankruptcy discharge as applied to credit reporting. Plaintiff relied on common misconceptions in the hopes that he could extort settlements from Experian and the

other Defendants in this case, and to some measure he succeeded. (*See* Dkts. 45, 46, dismissing

Equifax and PNC Bank after settlement.)

Now that the futility of his case is crystallized in another decision rendered during the

pendency of Experian's motion for judgment on the pleadings, it is time for this case to come to

an end.

**ARGUMENT**

Plaintiff's response concedes that he "no longer advances an argument based on

Experian's inaccurate reporting in Plaintiff's account history." (Resp. at 1.) Plaintiff is right to

abandon his claims, as it has become increasingly clear that Plaintiff's original theory has no

basis in law. Neither Plaintiff's bankruptcy petition, plan, or discharge can secure the result he

wants: to erase his voluntary choice to stop paying his debt to PNC bank. Experian's reporting

is, and has been accurate, and as such, Plaintiff's case must be dismissed.

Instead of withdrawing his Complaint however, Plaintiff asserts a new theory in his

Response that appears nowhere in his Complaint arguing that Experian's reporting of the PNC

account is accurate, but misleading. (Resp. at 3-4.) Plaintiff's revised theory fails. Not only is it

improper to amend his pleading through his brief, but there are no allegations in the Complaint at

all to support the new theory and it is plain on the face of Plaintiff's exhibits that this new-theory

is baseless.

I.    **PRE-DISCHARGE REPORTING OF BALANCES AND PAYMENT**
      **DELINQUENCIES IS NOT ACTIONABLE UNDER THE FCRA.**

It is well-established that without a cognizable inaccuracy, there is no claim for a

violation of the Fair Credit Reporting Act ("FCRA"). *See, e.g.*, *Moline v. Experian Info. Sols.,*

*Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003). Experian moved to dismiss Plaintiff's complaint

because the inaccuracies he complained of, which centered on delinquent payment notations

2

between the time Plaintiff filed his bankruptcy petition and his discharge, turned purely on legal determinations, not factual inaccuracies. (*See* Dkt. 51, Experian's Memorandum of Law in Support of its Motion for Judgment on the Pleadings, 3-5.) Experian's motion relied heavily on a footnote authored by Judge Castillo, which explained that there is nothing inaccurate about reporting balances or payment delinquencies on an account included in a Chapter 13 bankruptcy which has not yet been discharged. *See id* at 6; *Freedom v. Citifinancial*, LLC, No. 15 C 10135, 2016 WL 4060510, at *6, n. 5 (N.D. Ill. July 25, 2016). During the pendency of Experian's motion, Judge Castillo has since elaborated, leaving no doubt that Plaintiff's claims must be dismissed.

In *Hupfauer v. Citibank, N.A., et al.*, Experian moved to dismiss another complaint filed by the same firm representing Plaintiff here. *See Hupfauer v. Citibank, N.A.*, No. 16-cv-0475, 2016 WL 4506798, at *1 (N.D. Ill. Aug. 19, 2016). In *Hupfauer*, the plaintiff complained that it was inaccurate to report a mortgage account which had been foreclosed upon, but also had been discharged in plaintiff's Chapter 13 bankruptcy, as foreclosed with post-petition delinquencies without also reporting the account as discharged. *See id.* Experian moved to dismiss, arguing that it was accurately reporting the applicable facts, that plaintiff's discharge did not erase accurate pre-discharge reporting, and that Experian is not liable for making legal determinations about which accounts are, or are not, included in a Chapter 13 discharge. *See id* at *2.

Judge Castillo granted Experian's motion, and in language similar to the footnote in *Freedom*, explained:

> Plaintiff's argument does not accord with general bankruptcy principles regarding when a debtor's personal liability on a debt is extinguished . . . Nor would it be appropriate to require [Experian] to try to determine the legal status of Plaintiff's debt based on the specific language of her Chapter 13 plan . . . Thus, the Court is unpersuaded by her argument and finds that Experian's reporting of a balance and monthly payment prior to Plaintiff's December 2014 discharge was not inaccurate.

3

*Hupfauer*, 2016 WL 4506798, at *4.

Judge Castillo thus added his voice to the chorus of courts who have recognized that the mere fact of a discharge does not undo accurate reporting of pre-discharge delinquencies. *See e.g., In re O'Connell*, No. 05-bk-7616, 2008 WL 5046496 (Bankr. D. Ariz. Oct. 29, 2008) ("A discharge does not 'pay off' a prior debt, nor change the historic fact of an unpaid debt. A bankruptcy discharge does not change an unpaid debt into a 'paid' one"); *Abeyta v. Bank of Am.*, No. 2:15-CV-02320-RCJ-NJK, 2016 WL 1298109, at *2 (D. Nev. Mar. 31, 2016) ("Congress explicitly declined via the FCRA to prevent the reporting of delinquencies as to discharged debts . . . Congress has thereby chosen a balance between rescuing consumers from overwhelming debt by providing a discharge mechanism and protecting potential creditors going forward by permitting the reporting of delinquencies. . .").

As explained in Experian's initial motion, Plaintiff's purported inaccuracies are not inaccurate at all. As such, he has not stated a claim and, even if he had not abandoned his theories, Experian remains entitled to judgment on the pleadings.

## II.    PLAINTIFF'S RESPONSE IS PROCEDURALLY IMPROPER AND WITHOUT MERIT.

Rather than engage Experian's arguments, Plaintiff, relying on solely on his exhibits, argues in his Response that a comment on his PNC account which states that Plaintiff is "paying under a partial payment agreement" is sufficiently misleading to state a claim under the FCRA. (Resp. at 2-4.) Despite never mentioning this comment in his Complaint, Plaintiff argues that the mere fact that he attached the exhibits is sufficient to have adequately pled this new theory.

Plaintiff's new-theory is rife with problems. First and foremost, Plaintiff's new theory is just that, new, but it is well-established that "may not be amended by the briefs in opposition to a

motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).[1]

Second, Plaintiff has forgotten that in order to defeat Experian's motion to dismiss, it is not

enough in response to simply point to an exhibit that *might* support a claim, Plaintiff's pleadings

must plausibly allege the claim. While it is true that Plaintiff's exhibits are a part of his

pleadings, that only leaves Plaintiff with a Complaint that does not mention the "paying"

comment even a single time, and the comment itself. This is woefully short of alleging in

sufficient detail to provide the factual enhancement needed to raise this bald new contention that

Experian's reporting was misleading above a speculative level. *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).

Moreover, it is plain from the face of Plaintiff's exhibits that Experian's reporting is not

sufficiently misleading so as to support an FCRA claim. Initially, although Plaintiff ignores the

point, it is an open question in the Seventh Circuit whether the FCRA even extends to reporting

of factually accurate but misleading information. *See, e.g.*, *Sutherland v. Urban P'ship Bank*, No.

11-cv-03455, 2012 WL 567787, at *3-4 (N.D. Ill. Feb. 21, 2012). Even if it did, however, the

information reported must be "'misleading' in a way that 'can be expected to have an adverse

effect.'" *Id.* (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir.

2001)). Plaintiff's fanciful new theory that the present tense "paying" suggests ongoing liability

requires this Court to ignore the fact that the PNC accounts are plainly reporting as discharged,

with a $0 recent balance, and no monthly payment obligation. (*See* Compl., Ex. K at 4, Ex. M at

4). There is no basis on the face of Plaintiff's exhibits to think that a third-party evaluating

---

[1] Of course, this is all the more problematic here, where discovery is closed, and Plaintiff has plainly wiled away any right he might have otherwise had to amend his complaint in the normal course.

Plaintiff's creditworthiness could mistake the fact that Plaintiff's liability to PNC has been discharged through his Chapter 13 bankruptcy.

Perhaps unsurprisingly, this is not the first time Plaintiff's counsel has tried to save a dubious pleading by arguing that plainly accurate reporting was misleading. In *Hupfauer.,* Plaintiff's counsel argued that the otherwise accurate reporting of an account that had been foreclosed upon was misleading because the failure to report the account as discharged suggested the possibility of ongoing liability. *See Hupfauer*, 2016 WL 4506798, at \*6. Judge Castillo explained that Experian's reporting was not misleading, in part because "it is unclear how reporting an account with a zero balance and no payment due, as Experian did here, would have any adverse effect on Plaintiff." *Id.* Here too, it is difficult, if not impossible, to see how a comment which states that Plaintiff is paying under a partial payment plan could have any adverse effect in light of the rest of Experian's reporting.

Plaintiff's new-theory fares no better than his now-abandoned claims regarding the effects of his bankruptcy on historically accurate reporting and cannot save his claims.

### III.    THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT CANNOT SUPPORT LIABILITY FOR EXPERIAN UNDER THE FCRA.

To be sure, *Hupfauer,* and the cases Experian cited in its initial memorandum settle the issues before this Court on Experian's motion for judgment on the pleadings because the inaccuracies Plaintiff alleged are not cognizable. Yet, as other courts have noted, and the reasoning in *Hupfauer* suggests, the sort of bankruptcy-based inaccuracy Plaintiff complaines of cannot support an FCRA violation where a credit reporting agency ("CRA") like Experian is accurately reporting the facts of the underlying debt. This is true for two reasons. First, contrary to Plaintiff's suggestion, neither his bankruptcy petition or his discharge alter the facts of the underlying debt. Second, when Experian, or any CRA is faced with a general discharge order as

6

was issued in Plaintiff's bankruptcy, determining which accounts were, or were not discharged, *necessarily* requires legal determinations that Experian is not required to make.

### A. A BANKRUPTCY DISCHARGE DOES NOT ALTER OTHERWISE FACTUALLY ACCURATE REPORTING.

Plaintiff's case rests "on a common misconception of bankruptcy law: that the bankruptcy discharge eliminates the very existence of a debt." *In re Irby*, 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005). Instead, the bankruptcy discharge simply operates as an injunction against attempts to collect the debt. *See* 11. U.S.C. § 524(a); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim- namely, an action against the debtor *in personam*-while leaving intact another –namely, an action against the debtor *in rem*"). In other words, the discharge operates against his creditors ability to collect the debt, *not* on a debtors obligation to pay it.

The distinction between the ongoing existence of the debt and the consumer's personal liability after a discharge explains why a number of courts have refused to find either FRCA violations or violations of the discharge injunction for the mere continued reporting of a discharged debt. *See In re O'Connell*, No. 05-bk-7616, 2008 WL 5046496 (Bankr. D. Ariz. Oct. 29, 2008) ("A discharge does not 'pay off' a prior debt, nor change the *historic* fact of an unpaid debt. A bankruptcy discharge does not change an unpaid debt into a 'paid' one"); *In re Irby*, 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005) (explaining that reporting a discharged debt is not inaccurate because "[a]ll that is being reported is the truth"); *see also In re Vogt*, 257 B.R. 65, 70 (Bankr. D. Colo. 2000)(explaining that a creditor was not in error to report a discharged debt as due and owing because the discharge does not "wipe away the debt"); *Riekki v. Bayview Fin. Loan Servicing*, No. 2:15-CV-2427-JCM-GWF, 2016 WL 4083216 (D. Nev. July 28, 2016)

7

(holding that accurately reporting a balance on a discharged account is not inaccurate under the FCRA.)

Plaintiff's theory as actually pleaded rests on the mistaken notion that either by virtue of his petition, his Chapter 13 plan, or his discharge, his original contract with PNC Bank, was essentially *void ab initio* such that any reporting based on the original contract with PNC was inaccurate, but as the above cases make clear, that is not the law. There is nothing inaccurate about reporting the facts of the debt Plaintiff walked away from in his bankruptcy, so long as it is clear that Plaintiff has received a discharge. In this case, Plaintiff's discharge is the first entry on his credit report (*see* Ex. K at 2, Ex. M. at 2) so there can be no doubt that his personal liability has been extinguished.

### B.   DETERMINING WHICH ACCOUNTS ARE DISCHARGED IS A LEGAL CONCLUSION NOT REQUIRED UNDER THE FCRA.

In addition to Plaintiff's basic misunderstanding of the effects of his discharge, in *Hupfauer,* Judge Castillo explained the other major problem with Plaintiff's claim:

> [R]equiring a third party such as a credit bureau to determine whether a specific account was discharged in a particular consumer's Chapter 13 bankruptcy would impose an unfairly heavy burden on that party. . . Plaintiff's discharge order does not specify which particular debts were discharged, and even states that the reader 'may want to consult an attorney to determine the exact effect of the discharge in this case' . . . This is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer.

*Hupfauer*, 2016 WL 4506798 at *7 (citations omitted).

Like *Hupfauer*, Plaintiff's case presents the question of how any third-party can determine whether a particular debt was included in a discharge order that does not explain which debts are included, and directs the reader to find legal help in order to understand its effects. (*See* Compl., Ex. D.)

Answering that ultimate question requires first answering a set of related questions, all of which center on legal determinations, including:

1. Was the debt of the kind that is not dischargeable in bankruptcy? (*see* 11 U.S.C. § 1328);

2. Was the debt properly provided for in the Chapter 13 plan? (*see id*. at § 1322);

3. Where a debtor fails to account for the unsecured portion of a secured debt, as Plaintiff did with his PNC and GreenTree debts, was the full amount of the debt discharged, or just the secured portion that properly scheduled on schedule D? (*See* Compl. Ex. A (showing that Plaintiff failed to account for any of the unsecured portion of his PNC and GreenTree debts, despite owing more than $60,000 beyond what the property was worth); and

4. Where a debtor fails to properly schedule unsecured portions of secured debts and does not provide for the unsecured amount in his Chapter 13 Plan, is the unsecured portion still discharged? (*see id.*; Compl. Ex. B at 6.).

These questions have answers, but they lie with the court that granted the discharge in the first place, not Experian. This is in stark contrast to basic fact that Plaintiff's bankruptcy case has been discharged, the only fact clearly communicated by the discharge order, and which Experian is reporting correctly as the first entry on Plaintiff's disclosures. Experian reports the fact of Plaintiff's discharge, and when it can, reports which accounts a creditor or consumer has said were discharged. (*See* Compl. Exs. K, M). But the fact remains that these are ultimately legal determinations which cannot support liability under the FCRA. *See, e.g., DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) ("Whether the mortgage is valid turns on questions that can only be resolved by a court of law . . . This is not a factual inaccuracy . . . but rather a legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA").

## CONCLUSION

For all of the foregoing reasons, Experian's motion for judgment on the pleadings should

be granted, dismissing Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  October 4, 2016

/s/ Christopher A. Hall

Michael A. Zuckerman
Christopher A. Hall
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601.1692
Telephone:      +1.312.782.3939
Facsimile:      +1.312.782.8585
mzuckerman@jonesday.com
chall@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 4, 2016, the foregoing was

filed using the CM/ECF system, which will send notice to all parties of record.

*/s/ Christopher A. Hall*
*One of the Attorneys for Defendant*
*Experian Information Solutions, Inc.*

.