# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HENRY MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 cv 10640 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and PNC BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Henry Morgan, brings this case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, against defendant Experian Information Solutions, Inc. ("Experian"), a credit reporting agency.[1] Defendant moves for judgment on the pleadings. For the following reasons, the motion is denied.

## BACKGROUND

According to the allegations of the complaint, plaintiff filed for Chapter 13 bankruptcy on February 25, 2013. (Compl. ¶ 9.) The bankruptcy court confirmed his Chapter 13 plan on January 30, 2014, and it entered a discharge order on May 24, 2014. (*Id.* ¶¶ 15, 17, 19.) Among the discharged debts was plaintiff's mortgage debt to PNC Bank, N.A. ("PNC"); under the terms of the Chapter 13 plan, plaintiff was to surrender his mortgaged property in satisfaction of PNC's claim. (*Id.* ¶¶ 10, 13, 16.)

Following the discharge of his debts in bankruptcy, plaintiff requested that Experian update his PNC account to reflect its discharged status. (*Id.* ¶ 42.) In the ensuing months, Experian twice issued "reinvestigation reports" in response to plaintiff's inquiries, and these

---

[1] The other captioned defendants have settled with plaintiff and been dismissed by stipulation of the parties.

reports showed the PNC account as discharged in bankruptcy, with an account balance of zero. (*Id.* ¶¶ 41-56, Exs. J, M.) The "Comment" section of the report's PNC tradeline indicated that plaintiff was "paying under partial payment agreement." (*Id.*, Exs. J, M.)

## **ANALYSIS**

Rule 12(c) permits a party to move for judgment on the pleadings, which consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility

standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. " *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Under the FCRA, a credit reporting agency such as Experian is required to "follow reasonable procedures to assure maximum possible accuracy" of all information contained in any "consumer report" it "prepares." 15 U.S.C. § 1681e(b). Further, if a consumer notifies a credit reporting agency that he is disputing "the completeness or accuracy of any item of information contained in [the] consumer's file," the credit reporting agency must take certain steps to reinvestigate the matter. 15 U.S.C. § 1681i. To state a claim against Experian under either section 1681e(b) or 1681i, plaintiff must plausibly allege that Experian issued credit reports that contained inaccurate information about his debts. *See Handrock v. Ocwen Loan Servicing, LLC*, No. 16 C 5732, 2016 WL 6465900, at *2 (N.D. Ill. Nov. 1, 2016) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) and *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)).

In its motion for judgment on the pleadings, Experian claims that plaintiff fails to state a claim because he alleges no inaccuracy in Experian's credit reporting. Upon learning of plaintiff's bankruptcy, Experian updated its reports to reflect the bankruptcy, as it was required to do, and its post-discharge reports correctly reflected that plaintiff's PNC account balance was zero. Plaintiff responds that even after Experian reinvestigated and updated the PNC account, Experian's credit reporting was still inaccurate because it continued to report that plaintiff was

3

"paying under [a] partial payment agreement" with respect to the PNC account.[2] This was untrue; plaintiff was no longer paying PNC anything, nor was he required to do so after the debt was discharged in bankruptcy.

A credit report that unambiguously shows that a debt has been discharged in bankruptcy and that the consumer's account balance is zero is generally not inaccurate or misleading and cannot form the basis for a valid FCRA claim. *See Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, at *5 (N.D. Ill. Aug. 19, 2016). But some courts in this district have held that "merely reporting a zero balance after a bankruptcy discharge [is not] sufficient to avoid inaccurate reporting under the FCRA," if the credit report also includes additional inaccurate information that makes the credit report inaccurate or misleading as a whole. *See id.* (citing *Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510, at *6 (N.D. Ill. July 25, 2016)); *Jackson v. Experian Info. Sols., Inc.*, No. 15 C 11140, 2016 WL 2910027, at *5 (N.D. Ill. May 19, 2016). For example, in *Freedom*, 2016 WL 4060510, at *6, the credit report showed that the plaintiff's debt had been discharged in bankruptcy, but it also erroneously showed that plaintiff had a pending "scheduled payment" on that debt. The court held that the plaintiff's FCRA claim survived the defendant's motion to dismiss because the report "could create the mistaken impression that Plaintiff still owed on the account, which was not accurate." *Id.*

In this case, the erroneous "paying under partial payment agreement" comment in Experian's reports is similar to the erroneous "scheduled payment" in the report in *Freedom*. It creates an ambiguity in the report, which could create the mistaken impression that plaintiff still

---

[2] Defendant replies that this argument is improper because it is essentially an attempt to amend the complaint by adding factual allegations to it in a response brief; plaintiff does not mention the "paying under partial payment agreement" language in his complaint. But even so, plaintiff "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). In this case, the "paying under partial payment agreement language" that plaintiff relies on in his response brief is "consistent with the pleadings"; it appears in the Experian credit reports that plaintiff refers to in his complaint and that are attached to the complaint as exhibits.

owes on his PNC account.  A reasonable finder of fact could interpret this as the reporting of inaccurate or at least misleading information.  This is sufficient to survive Experian's motion to dismiss.

## **CONCLUSION**

For the reasons set forth above, the Court denies defendant's motion for judgment on the pleadings [50].  A status hearing is set for April 6, 2017 at 9:30 a.m.

**SO ORDERED.**                                         **ENTERED:** March 28, 2017

**HON. JORGE L. ALONSO**
**United States District Judge**